IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,015-02






EX PARTE DONALD ALLEN TURNER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 20030D03096-243-2 IN THE 243RD DISTRICT COURT


FROM EL PASO COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
indecency with a child by contact and sentenced to life imprisonment. The Eighth Court of Appeals
affirmed his conviction. Turner v. State, No. 08-04-00148-CR (Tex. App. - El Paso, February 2,
2006, pet. ref'd).

 Applicant contends, inter alia, that his trial counsel and appellate counsel rendered
ineffective assistance. Concerning trial counsel, Applicant contends that counsel failed to: (1)
properly investigate Applicant's medical records, which would have shown the impossibility of
Applicant having committed the acts alleged in the manner alleged; (2) request an election, when
the State provided evidence of offenses committed on four occasions and so the jury could convict
so long as each juror found that Applicant had committed the offenses on any one of those occasions;
(3) investigate the police reports reflecting Mr. Snyder's communications with police and use them
to impeach Mr. Snyder's testimony; (4) investigate and interview potential witnesses identified in
the police reports; (5) impeach Mr. Snyder's testimony and the victim's hearsay declarations with
the victim's statements to other witnesses; and (6) properly object and preserve for appeal the
examination of Mr. Snyder that elicited indirect hearsay by asking him how he reacted to what the
victim told him.

 Concerning appellate counsel, Applicant contends that counsel failed to raise the issue of the
State's failure to elect which offenses it was prosecuting. Applicant further contends that appellate
counsel failed to raise the issue of indirect hearsay posed by the State's questioning of Mr. Snyder. 
In support of these contentions he asserts that trial counsel had raised the issues, sufficient to
preserve them for appeal. This assertion is inconsistent with the assertions, above, that trial counsel
failed to request an election and failed to object to the elicitation of indirect hearsay, but the record
currently before this Court is not adequate to resolve the matter.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel and appellate counsel with the opportunity to respond to
Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out
in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its
personal recollection. Id.

 It appears that Applicant has been assisted by habeas counsel but that he is now proceeding
pro se. If the trial court elects to hold a hearing, it shall determine whether Applicant is still
represented by counsel and, if not, whether he is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. Code Crim. Proc. art. 26.04.

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make findings of fact as to whether the performance of Applicant's appellate
attorney was deficient and, if so, whether appellate counsel's deficient performance prejudiced
Applicant. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court.




Filed: April 30, 2008

Do not publish